**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

IN RE: PAMELA ABBETT GRAY,

    Debtor.

_____

Pamela Abbett Gray,

    Appellant,

v.

Public Storage of Fraser, Michigan and
Social Security Administration,

    Appellees.
_____/

Case No. 18-13349

HON. DENISE PAGE HOOD

## ORDER DISMISSING BANKRUPTCY APPEAL WITHOUT PREJUDICE
### and
### DESIGNATING THIS ACTION CLOSED

On January 23, 2019, the Court issued to Appellant Pamela Abbett Gray to respond by February 15, 2019 an Order to Show Cause to why this case should not be dismissed for failure to prosecute. Appellant failed to pay the appeal filing fee before the Bankruptcy Court. (ECF No. 1) Appellant also failed to file an appellant's brief on appeal within 30 days after the docketing of the notice that the record has been transmitted as required by Bankr. Rule 8018. The Designated Bankruptcy Record was

docketed on November 27, 2018. (ECF No. 4)

Appellant filed a response to the Order to Show Cause. However, the response does not cure the failure to file the appeal filing fee as required by 28 U.S.C. § 1930. Appellant also did not file an appellant's brief on appeal as required by Bankr. Rule 8018. The Court is aware that *pro se* complaints are held to "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner,* 404 U.S. 519, 520, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972). However, the Supreme Court has "never suggested procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel." *McNeil v. United States,* 508 U.S. 106, 113 (1993). Indeed, a *pro se* litigant "must conduct enough investigation to draft pleadings that meet the requirements of the federal rules." *Burnett v. Grattan,* 468 U.S. 42, 50, 104 S.Ct. 2924, 82 L.Ed.2d 36 (1984). Courts have refused to excuse *pro se* litigants who failed to follow basic procedural requirements such as meeting "readily comprehended" court filing deadlines. *E.g., Jourdan v. Jabe,* 951 F.2d 108, 110 (6th Cir.1991); *Eglinton v. Loyer,* 340 F.3d 331, 335 (6th Cir.2003).

Because Appellant failed to pay the applicable appeal filing fee to the Bankruptcy Court, even after the Bankruptcy Court served Appellant a deficiency notice, and, because Appellant failed to file a brief on appeal as required by the rules, Appellant's appeal must be dismissed.

Accordingly,

IT IS ORDERED that this action is DISMISSED without prejudice.

IT IS FURTHER ORDERED that this action is designated as CLOSED on the Court's docket.

s/Denise Page Hood<br>Chief Judge, U. S. District Court

Dated: March 27, 2019